IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| GRACE SCHOOLS and BIOLA UNIVERSITY, INC.,<br><br>*Plaintiffs*,<br><br>v.<br><br>ALEX M. AZAR II, *et al.*,<br><br>*Defendants*. | No. 3:12-cv-459 |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR PERMANENT INJUNCTION & DECLARATORY RELIEF**

Plaintiffs, Grace Schools and Biola University, Inc., have moved for a permanent injunction and declaratory relief against federal regulations that required them to offer coverage of contraceptive services ("the Mandate") or to comply with an accommodation process whereby their employees would receive coverage through Plaintiffs' health insurance issuer or third party administrator. *See* ECF No. 110. Although the Government does not agree with all of the statements and arguments in Plaintiffs' motion for permanent injunction, the Government is not raising a substantive defense of the Mandate or the accommodation process with respect to Plaintiffs' Religious Freedom Restoration Act ("RFRA") challenge. The Government has concluded that requiring employers with sincerely held religious objections to comply with the Mandate or the accommodation process would violate RFRA.

The Government takes no position on whether permanent injunctive relief is appropriate in this case. The injunctions in *Pennsylvania v. Trump*, No. 2:17-cv-04540-WB, ECF No. 60 (E.D. Pa.), and *California v. Department of Health and Human Services*, No. 4:17-cv-05783-HSG, ECF No. 105 (N.D. Cal.), do not purport to interfere with this case or other existing litigation

challenging the prior rules. *See* Opinion at 43, *Commonwealth of Pennsylvania v. Trump et al.*, No. 17-4540 (E.D. Pa. Dec. 15, 2017) ("A preliminary injunction will maintain the status quo: those with exemptions or accommodations prior to October 6, 2017 will maintain their status, those with injunctions preventing enforcement of the Contraceptive Mandate will maintain their injunctions, but those with coverage will maintain their coverage as well."); Order Granting Plaintiffs' Motion for A Preliminary Injunction at 29, *California et al. v. Hargan et al.*, No. 17-05783 (N.D. Cal. Dec. 21, 2017) ("This nationwide injunction does not conflict with the plaintiff-specific injunctions issued by the courts in the Zubik cases or any other case."). The Government notes, however, that any injunction should be limited to the contraceptive coverage services to which Plaintiffs have religious objections and should be narrowly tailored to enjoin enforcement against Plaintiffs and their insurers and third-party administrators, as their conduct relates to Plaintiffs' health plans.

Dated: May 3, 2018

Respectfully submitted,

ETHAN P. DAVIS
Deputy Assistant Attorney General

JOEL McELVAIN
Assistant Director, Federal Programs Branch

\_/s/ Emily S. Newton_____
EMILY S. NEWTON (Va. Bar No. 80745)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W. Room 7310
Washington, DC 20530
Tel: (202) 305-8356
Fax: (202) 616-8470
Email: emily.s.newton@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2018, I electronically filed a copy of the foregoing. Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

/s/ Emily S. Newton
EMILY S. NEWTON