UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| GRACE SCHOOLS and BIOLA UNIVERSITY, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 3:12-CV-459 JD |
| ALEX M. AZAR II, *et al.*, | ) ) | |
| Defendants. | ) | |

## ORDER OF PERMANENT INJUNCTION AND DECLARATORY RELIEF

Before the Court is the Motion for Permanent Injunction and Declaratory Relief by

Plaintiffs Grace Schools and Biola University, Inc. ("Plaintiffs") [DE 110]. In response [DE 113],

Defendants represent that they are no longer raising a substantive defense to Plaintiffs' Religious

Freedom Restoration Act ("RFRA") claims regarding compliance with the contraceptive mandate

emanating from the Patient Protection and Affordable Care Act of 2010 (the "Affordable Care

Act"), 124 Stat. 119 (Mar. 23, 2010).[1]

By way of background, this case has been pending for almost six years. When the amended

complaint was filed in September 2013 [DE 54], the government had established an

"accommodation" for certain religious employers that provided for alternate means of ensuring

employee access to the contraceptive services specified by the mandate without payment or direct

---

[1] The mandate is embodied in federal regulations implementing a requirement of the Affordable Care Act that non-exempt and non-grandfathered group health plans provide specified preventative-health services to plan participants without cost-sharing; among those services are contraceptives approved by the Food and Drug Administration. *See* 42 U.S.C. § 300gg-13(a)(4); 45 C.F.R. § 147.130(a)(1)(iv); 29 C.F.R. § 2590.715-2713(a)(1)(iv); 26 C.F.R. § 54.9815-2713(a)(1)(iv).

involvement by an objecting employer. 76 Fed. Reg. 46,621, at 46,623 (Aug. 3, 2011); 77 Fed. Reg. 8725 (Feb. 15, 2012); *see also* 78 Fed. Reg. 39,870, at 39,873–882 (July 2, 2013) (simplifying and clarifying criteria identifying employers eligible for exemption); 45 C.F.R. § 147.131(a) & (b)(2)(i). Plaintiffs contested the adequacy of the accommodation, which imposes certain procedural requirements on an objecting employer, to protect its religious interests.

The undersigned preliminarily enjoined application of the contraceptive mandate to the Plaintiffs' employee and student health plans, concluding that such application likely violated the RFRA [DE 90].  On appeal, the Seventh Circuit rejected the challenges brought by Plaintiffs and other not-for-profit employers in multiple decisions. *See Univ. of Notre Dame v. Burwell*, 786 F.3d 606 (7th Cir. 2015), *cert. granted, j. vacated, & remanded*, —— U.S. ——, 136 S. Ct. 2007, 195 L.Ed.2d 210 (2016); *Wheaton Coll. v. Burwell*, 791 F.3d 792 (7th Cir. 2015); *Grace Schools v. Burwell*, 801 F.3d 788 (7th Cir. 2015), *cert. granted, j. vacated, & remanded*, —— U.S. ——, 136 S. Ct. 2010, 2011, 195 L.Ed.2d 211 (2016).

Thereafter, in *Zubik v. Burwell*, —— U.S. ——, 136 S. Ct. 1557, 194 L.Ed.2d 696 (2016) (per curiam), the Court declined to reach the merits of the issues presented and remanded the cases, including this one. *See Grace Sch. v. Burwell*, 136 S. Ct. 2011, 195 L. Ed. 2d 211 (2016). The Supreme Court opted to afford the parties an opportunity to see if the accommodation could be modified in such a way as to address the religious concerns of the objecting employers while continuing to meet the government's interest in making contraceptive services available to employees.[2]

---

[2] Since then, new interim final rules were issued that modify some of the regulations at issue in this litigation. *See* 82 Fed. Reg. 47,792 (Oct. 13, 2017); 82 Fed. Reg. 47,838 (Oct. 13, 2017). However, district courts have entered preliminary injunctions barring application of the new interim final rules on grounds that they likely violated the Administrative Procedure Act. *See,*

After reconsideration of their position, Defendants now agree that enforcement of the rules regarding the contraceptive mandate against employers with sincerely held religious objections would violate the RFRA; and thus, Defendants do not oppose Plaintiffs' renewed motion for injunctive and declaratory relief. Defendants have simply requested certain limitations [DE 113 at 2] on the scope of the relief requested by Plaintiffs, to which Plaintiffs have not posed any objection.

Accordingly, after considering the parties' briefs submitted on the motion [DE 110; DE 113], and given Defendants' concessions on the merits of Plaintiffs' RFRA claims, the Court agrees that Plaintiffs are entitled to a permanent injunction and declaratory relief, similar to the relief provided in substantively identical cases. *See Sharpe Holdings, Inc. v. U.S. Dep't of Health & Human Servs.*, No. 2:12-cv-00092-DDN, DE 160 (E.D. Mo. Mar. 28, 2018); *Reaching Souls Int'l v. Azar*, No. CIV-13-1092-D, DE 95 (W.D. Okla. Mar. 15, 2018); *Catholic Benefits Ass'n v. Hargan*, Nos. Civ-14-240-R and Civ-14-684-R, DE 184 (W.D. Okla. Mar. 7, 2018); *Wheaton Coll. v. Azar*, No. 1:13-cv-8910, DE 119 (N.D. Ill. Feb. 22, 2018).

In deciding whether to grant injunctive relief, a court must consider four traditional criteria: (1) whether the plaintiff has a reasonable likelihood of success on the merits; (2) whether the plaintiff will have an adequate remedy at law or will be irreparably harmed if the injunction does not issue; (3) whether the threatened injury to the plaintiff outweighs the threatened harm the injunction may inflict on the defendant; and (4) whether the granting of the injunction will harm the public interest. *Plummer v. Am. Inst. of Certified Pub. Accountants*, 97 F.3d 220, 229 (7th Cir. 1996) (citing *N.L.R.B. v. Electro–Voice, Inc*., 83 F.3d 1559, 1567 (7th Cir. 1996); *Faheem–El v.*

---

*e.g., California v. Health & Human Servs.,* 281 F. Supp. 3d 806 (N.D. Cal. 2017); *Pennsylvania v. Trump*, 281 F. Supp. 3d 553 (E.D. Pa. 2017).

*Klincar*, 841 F.2d 712, 716 (7th Cir. 1988)). A permanent injunction (as opposed to a preliminary injunction or a temporary restraining order) is not provisional in nature, but rather is a final judgment. *Id.* (citing *Walgreen Co. v. Sara Creek Property Co.*, 966 F.2d 273, 275 (7th Cir. 1992)). Thus, when the plaintiff is seeking a permanent injunction, the first of the four traditional factors is slightly modified, for the issue is not whether the plaintiff has demonstrated a reasonable *likelihood* of success on the merits, but whether he has *in fact* succeeded on the merits. *Id.* (citation omitted). Moreover, sections 2201 and 2202 of Title 28 provide authorization for federal courts to grant declaratory relief, and declare the rights and other legal relations of any interested party seeking the declaration. 28 U.S.C. §§ 2201, 2202. Any such declaration has the force and effect of a final judgment or decree. 28 U.S.C. § 2201.

First, Plaintiffs have demonstrated, and Defendants now concede, that requiring Plaintiffs to comply with 42 U.S.C. § 300gg-13(a)(4), to the extent such compliance contradicts Plaintiffs' religious beliefs, violates their rights protected by the RFRA, 42 U.S.C. § 2000bb *et seq.*

Second, Plaintiffs will suffer irreparable harm unless Defendants are enjoined from violating these rights. That is, Plaintiffs can either follow their religious beliefs and incur unsustainable financial penalties,[3] or violate their religious beliefs by providing access to objectionable contraceptive services.

Third, as explained in the Court's order granting a preliminary injunction [DE 90 at 32-33], the harm Plaintiffs will suffer in the absence of a permanent injunction and

---

[3] Plaintiffs indicated that by failing to comply with the mandate, they would incur fines of $100 per affected beneficiary per day. 26 U.S.C. § 4980D(b)(1). If they dropped their employee health plan to avoid violating their religious beliefs, they would incur fines of $2,000 per employee per year. 26 U.S.C. § 4980H(c)(1) [DE 110 at 3, n. 4].

declaratory judgment outweighs any injury to Defendants resulting from this injunction. This is demonstrated at the very least by the issuance of the interim final rules wherein it was concluded that requiring adherence to the mandate through the accommodation led to the violation of the RFRA in many instances. *See* 82 Fed. Reg. 47,806 (Oct. 13, 2017). More specifically, the Defendants acknowledge that requiring compliance by employers, including Plaintiffs, with sincerely held religious objections to the mandate and accommodation, would violate the RFRA [DE 113 at 1]. This likely explains why the Defendants do not identify any harm that they might suffer from the issuance of an injunction and declaratory relief.

Fourth, the public interest in the vindication of religious freedom favors the entry of an injunction and declaratory judgment. Plaintiffs' religious views and community standards about the need to refrain from the procurement, participation in, facilitation of, or payment for objectionable contraceptive services were known to Plaintiffs' employees/students. Moreover, the public is best served if the Plaintiffs can continue to provide needed (and expected) educational services, and the needed (and expected) insurance coverage to its employees and students, without the threat of substantial fines for noncompliance with the contraceptive mandate and its accommodation.

It is therefore ORDERED that this Court's previous preliminary injunction, DE 90, is hereby replaced in its entirety by the following:

It is ORDERED that Defendants, their agents, officers, and employees, and all others in active concert or participation with them, including their successors in office, are hereby PERMANENTLY ENJOINED AND RESTRAINED:

5

1. From any effort to apply or enforce the requirements of 42 U.S.C. § 300gg-13(a)(4) and any implementing regulations as those requirements relate to the provision of drugs, devices, procedures, patient counseling and education, and any other services that violate Plaintiffs' religious consciences; and

2. From pursuing, charging, or assessing penalties, fines, assessments, or any other enforcement actions for past, present, or future noncompliance with those requirements thereto (as specified in number 1 above), including those found in 26 U.S.C. § 4980D and 29 U.S.C. § 1132, for failing to offer, provide, or otherwise facilitate access to drugs, devices, procedures, patient counseling and education, and any other services that violate Plaintiffs' religious consciences, against Plaintiffs or their insurers and third-party administrators, as their conduct relates to Plaintiffs' health plans.

It is further DECLARED that the requirements of 42 U.S.C. § 300gg-13(a)(4), as those requirements relate to the provision of drugs, devices, procedures, patient counseling and education, and any other services that violate Plaintiffs' religious consciences, violate Plaintiffs' rights protected by the RFRA, 42 U.S.C. § 2000bb *et seq.*

It is further ORDERED that any petition by Plaintiffs for attorneys' fees and costs shall be submitted no later than 45 days from the entry of judgment in this case.

It is further ORDERED that this Court shall retain jurisdiction to enforce this order.

SO ORDERED.

ENTERED:  June 1, 2018

_____/s/ JON E. DEGUILIO_____
Judge
United States District Court

6